# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00661-COA

WILLIE ED SMITH, JR. A/K/A WILLIE SMITH        APPELLANT
A/K/A WILLIE ED SMITH A/K/A WILLIE E.
SMITH

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF PHILLIP BROADHEAD JIM L. DAVIS III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART JASON L. DAVIS |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF UNLAWFUL POSSESSION OF A FIREARM BY A FELON AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO SERVE THIRTY DAYS IN THE CUSTODY OF THE HARRISON COUNTY SHERIFF FOR CONTEMPT OF COURT |
| DISPOSITION: | AFFIRMED - 08/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Willie Smith Jr. appeals his conviction for being a felon in possession of a firearm. The sole issue he raises on appeal is whether the trial court erred in refusing a jury instruction placing the burden on the State to disprove Smith's defense of necessity beyond a reasonable doubt. Finding no error, we affirm.

**FACTS AND PROCEEDINGS BELOW**

¶2. On March 19, 2013, Jason Parker drove to Smith's home after being thrown out of his girlfriend's house. Smith got into Parker's car. Parker was deeply upset and expressed suicidal thoughts. Parker had with him an unloaded .380 pistol that had been in his family. He did not have any bullets for the pistol. Smith calmed Parker down and advised Parker to go stay for a while with Parker's brother in Memphis, Tennessee. Parker did not have any money to travel, so they decided to pawn the gun. Parker's wallet and driver's license were still at his girlfriend's house, so Smith took the pistol into the pawn shop and sold it. Parker testified that Smith gave him the money Smith received for the gun and that Smith did not keep any of the money.

¶3. A local law-enforcement officer recognized Smith's name when looking through local pawn receipts during an unrelated burglary investigation. Smith, who had previously pleaded guilty to felony possession of a controlled substance and to a separate incident of felony shoplifting, was tried and convicted for being a felon in possession of a firearm. He was sentenced to ten years as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶4.     The trial court gave the State's proposed jury instruction on the defense of necessity, which, after outlining the three elements of necessity, stated: "If the State has failed to prove the essential elements of the crime beyond a reasonable doubt or the Defendant's action of possession of a firearm was the result of necessity, then you should find the Defendant not guilty."

¶5.     The trial court denied Smith's requested jury instruction on the defense of necessity, which, after listing the three elements of necessity, stated: "If the State has failed to prove from the evidence in this case beyond a reasonable doubt that the Defendant's action of possession of a firearm was not the result of a necessity as defined above, then you should find the Defendant Not Guilty."

¶6.     The court denied Smith's motion for a new trial, and Smith appeals.

## DISCUSSION

¶7.     The trial court's giving or refusal of a jury instruction will be reviewed for abuse of discretion. *Watkins v. State*, 101 So. 3d 628, 633 (¶16) (Miss. 2012). We will not find reversible error where, when read together as a whole, the jury instructions accurately state the law and create no injustice. *Id*. While a defendant is entitled to jury instructions presenting his theory of the case, the judge may refuse the instructions if they incorrectly state the law or repeat a theory fairly covered in another instruction, or are without proper foundation in the evidence of the case. *Walker v. State*, 881 So. 2d 820, 829 (¶26) (Miss. 2004).

¶8.     Smith argues that the trial court erred in refusing to place the burden of proof on the

State to disprove Smith's affirmative defense of necessity. The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). However, the United States Supreme Court has declined to find that the Constitution requires a state to disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the guilt of a defendant. *Patterson v. New York*, 432 U.S. 197, 210 (1977).

¶9.     Mississippi law does not require the State to disprove the defendant's affirmative defense where disproving the defense is not an element of the crime. "When a defendant attempts to prove an affirmative defense, such as necessity, it is his burden to prove that such circumstances exist so as to substantiate such a defense." *Stodghill v. State*, 892 So. 2d 236, 239 (¶9) (Miss. 2005). The defense of necessity is distinct from raising self-defense. *Anderson v. State*, 185 So. 3d 1015, 1023 (¶32) (Miss. Ct. App. 2014) (affirming trial court's refusal to give self-defense instruction on charge of felon in possession of firearm). Disproving self-defense is an element of the crime of murder. "Once a defendant properly raises self-defense, the burden of proof rests with the prosecution to disprove that a defendant acted in necessary self-defense." *McIntosh v. State*, 749 So. 2d 1236, 1240 (¶17) (Miss. Ct. App.1999); *Heidel v. State*, 587 So. 2d 835, 843 (Miss. 1991).

¶10.    Disproving necessity is not an element of the crime of being a felon in possession of a firearm. *See* Miss. Code Ann. § 97-37-5 (Rev. 2014). In *Davis v. State*, 158 So. 3d 1190, 1195 (¶22) (Miss. Ct. App. 2015), this Court addressed this exact issue and stated that a

4

defendant facing the charge of being a felon in possession of a firearm has the burden to substantiate his affirmative defense of necessity. The *Davis* jury declined to find necessity where the defendant kept a firearm after fleeing the location where he purportedly killed a man in self-defense.[1] *Id*. at 1196 (¶23).

¶11.    Here, Smith received a jury instruction on the defense of necessity that correctly stated the law. To prove that Smith had an objective need to commit a crime excusable by the defense of necessity, Smith had to demonstrate that (1) the act charged was done to prevent a significant evil; (2) there was no adequate alternative; and (3) the harm caused was not disproportionate to the harm avoided. *Anderson*, 185 So. 3d at 1024 (¶37) (quoting *Williams v. State*, 953 So. 2d 260, 263-64 (¶9) (Miss. Ct. App. 2006)). The jury determined that necessity did not exist for Smith to have possession of the pistol at the pawn shop. We do not find reversible error.

## CONCLUSION

¶12.    Smith was not entitled to a jury instruction placing the burden of proof on the State to disprove his defense of necessity beyond a reasonable doubt. We affirm his conviction and sentence.

¶13.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, OF CONVICTION OF UNLAWFUL POSSESSION OF A FIREARM BY A FELON AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO SERVE THIRTY DAYS IN THE CUSTODY OF THE HARRISON COUNTY SHERIFF FOR CONTEMPT OF COURT, IS AFFIRMED. ALL COSTS OF THIS**

---

[1] The jury rejected his self-defense argument on the murder charge and convicted him of deliberate-design murder. *Id*. at 1192 (¶1).

**APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**