## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2017-KA-00692-COA

**TRAVIS CAFFIE A/K/A TRAVIS MONTRELL CAFFIE A/K/A TRAVIS M. CAFFIE**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2017 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. TERRELL STUBBS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | MATT SULLIVAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 08/28/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Travis Caffie appeals his convictions of shooting into a dwelling, shooting into a motor vehicle, and two counts of aggravated assault. He argues the circuit court failed to properly instruct the jury on the essential elements of the crimes. Because we find the jury was properly instructed, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On May 21, 2015, Investigator Brian Buckley was dispatched to Elijah Myers's home located at 445 Mary Grove Church Road in Simpson County. When he arrived, Investigator Buckley saw Myers sitting under the carport of his house with a bullet wound to his leg.

Myers's house had been hit by three bullets, and Investigator Buckley observed a vehicle parked in front of Myers's residence that had also been struck.[1] The vehicle was owned by Linda Adams.

¶3. According to Lasheena Talley, Caffie had a problem with Myers's grandson. Talley explained that on the day of the incident, she, Caffie, Joshua Nelson, Lamarcus Washington, and Toumi Durr drove to Myers's house. As they drove by, Caffie and Nelson began to shoot toward the house. After passing Myers's house, the group turned around and drove by again, shooting into Myers's residence. According to Durr, Nelson had an AK-47 rifle and Caffie had a handgun.

¶4. At the time of the incident, Paige Smith, along with her two sons and nephew, was driving to her father-in-law's house, which is next to Myers's house on Mary Grove Church Road. As Smith approached, she was grazed by a bullet.

¶5. Following his convictions, Caffie was sentenced to serve ten years in the custody of the Mississippi Department of Corrections for shooting into a dwelling, five years for shooting into a motor vehicle, and twenty years for each count of aggravated assault, with the sentences to run consecutively.

¶6. Caffie subsequently filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Caffie now appeals.

## STANDARD OF REVIEW

¶7. "Jury instructions are within the discretion of the [circuit] court and the settled

---

[1] Exhibits admitted into evidence showed a bullet hole in the side of the vehicle.

standard of review is abuse of discretion." *Watkins v. State*, 101 So. 3d 628, 633 (¶16) (Miss. 2012). "The jury instructions are to be read as a whole, with no one instruction to be read alone or taken out of context." *Id*. "When read together, if the jury instructions state the law of the case and create no injustice, then no reversible error will be found." *Id*.

ANALYSIS

¶8.     Pursuant to Mississippi Code Annotated section 97-37-29 (Rev. 2014), it is a felony to "willfully and unlawfully shoot or discharge any pistol, shotgun, rifle or firearm of any nature or description into any dwelling house or any other building usually occupied by persons, whether actually occupied or not . . . ."

¶9.     Jury Instruction S-1, which was given by the circuit court, instructed the jury on the charge of shooting into a dwelling and read, in part, as follows:

> [Caffie] has been charged . . . with the felony offense of [s]hooting [i]nto a [d]welling. If you find from the evidence in this case beyond a reasonable doubt that [Caffie], acting alone or in conjunction with another:
>
> > 1.      On or about May 21, 2015[,] in Simpson County, Mississippi;
> >
> > 2.      Did willfully and unlawfully shoot or discharge a firearm into a dwelling house, whether occupied or not, located at 445 Mary Grove Church Road;
>
> then you shall find [Caffie] guilty of [s]hooting [i]nto a [d]welling.
>
> Should the State fail to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find [Caffie] not guilty of [s]hooting [i]nto a [d]welling.

¶10.    Caffie asserts that pursuant to section 97-37-29, "[i]t is an element of the crime that the building or dwelling house shot into be usually occupied by persons." Because Jury

3

Instruction S-1 "did not require the jury to find that the building was usually occupied by persons," Caffie argues the jury was not properly instructed on the essential elements of the crime of shooting into a dwelling.

¶11.    Caffie did not object to Jury Instruction S-1. "To preserve a jury instruction issue on appeal, the defendant must make a specific objection to the proposed instruction to allow the [circuit] court to consider the issue." *Husband v. State*, 204 So. 3d 353, 356 (¶10) (Miss. Ct. App. 2016). Because Caffie failed to object to the proposed instruction, it appears this issue is procedurally barred.

¶12.    Regardless, this Court will consider the issue for plain error. *See id*. at 357 (¶11). "The plain-error doctrine requires a determination of whether the [circuit] court has deviated from a legal rule, whether that error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial." *Id*. (internal quotation mark omitted). "For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affected the fairness, integrity[,] or public reputation of judicial proceedings." *Id*.

¶13.    We find Caffie's reading and interpretation of section 97-37-29 is misplaced. Caffie fails to recognize the distinction set forth in the statute between "any dwelling house *or* any other building usually occupied by persons." A "dwelling house" is "a place where people dwell or reside." *Robinson v. State*, 364 So. 2d 1131, 1134 (Miss. 1978). As such, it is generally understood that a dwelling house is "usually occupied by persons." The "usually occupied by persons" language in section 97-37-29 applies to "any other building" that may

not qualify as a dwelling house.

¶14. Here, Investigator Buckley testified that he was dispatched to 445 Mary Grove Church Road, which was Myers's residence. He further testified that Myers's residence had been shot three times. Thus, the record makes clear that the structure into which Caffie shot was a dwelling house, not "any other building usually occupied by persons." As a result, based on the facts of this case, the "usually occupied by persons" language of section 97-37-29 was not a necessary element of the crime. The omission of such language did not result in a manifest miscarriage of justice or seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Consequently, we do not find the circuit court's decision to give Jury Instruction S-1 amounted to plain error.

¶15. Caffie further claims the "circuit court committed fundamental plain error by failing to instruct [the] jury on the venue of [the crimes of shooting into a motor vehicle and aggravated assault]." We disagree.

¶16. Jury Instructions S-3, S-6, and S-7 instructed the jury on the elements of the crimes of shooting into a motor vehicle and the aggravated assaults of Myers and Smith. As with Jury Instruction S-1, Caffie failed to object to these jury instructions. Nonetheless, Jury Instructions S-3, S-6, and S-7 properly instructed the jury regarding venue. Indeed, each of the jury instructions required the jury to find that the felony offense occurred in Simpson County.

¶17. Caffie asserts that "[w]ithout a specified venue, anyone could have done it." However, the record reflects that on the day in question, Caffie drove by and shot toward and

5

into Myers's residence, located at 445 Mary Grove Church Road in Simpson County. Moreover, the record shows that at the time of the incident, Adams's vehicle was parked in front of Myers's residence, Smith was approaching Myers's residence, and Myers was at his residence. Because the jury was properly instructed on venue, Caffie's argument fails.

CONCLUSION

¶18. The record shows the circuit court properly instructed the jury on the issues of law relevant to the case. *See Conner v. State*, 138 So. 3d 143, 149 (¶13) (Miss. 2014) ("The trial court must assure that the jury is fully and properly instructed on all issues of law relevant to the case.") (internal quotation marks omitted). Thus, we affirm the judgment of the circuit court.

¶19. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**