CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 36. I would affirm the convictions and judgment imposed by the trial court in this case. I therefore concur in part and dissent in part with the majority's decision that finds Counts I and II collectively violate the right against double jeopardy.
 

 ¶ 37. Pursuant to the precedent of the Mississippi Supreme Court and this Court, the test to determine whether a criminal defendant's right to be free from double jeopardy has been violated is the
 
 Blockburger
 
 "same elements" test.
 
 See
 

 Watkins v. State
 
 ,
 
 101 So.3d 628
 
 , 632 (¶ 12) (Miss. 2012) ;
 
 Towner v. State
 
 ,
 
 812 So.2d 1109
 
 (¶ 22) (Miss. Ct. App. 2002). Under the
 
 Blockburger
 
 test, May was not subjected to double jeopardy because the two aggravated-assault offenses under Count I and Count II require proof of a different element under two separate provisions within section 97-3-7(2)(a) of Mississippi's aggravated-assault
 statute.
 
 Blockburger
 
 ,
 
 284 U.S. at 304
 
 ,
 
 52 S.Ct. 180
 
 . Also, even though Mississippi has not approved of, used, or adopted the "unit of prosecution" test, May's convictions do not offend the protection of double jeopardy under that test either because Mississippi's statute plainly and unambiguously sets forth three separate and distinct ways of committing the crime of aggravated assault.
 

 ¶ 38. The facts showed in this case that May first attacked Barbara by charging her and beating her head and face, causing serious bodily injury, including a mandible bone fracture, pterygoid fracture, and hemorrhages. The State charged this aggravated-assault offense in Count I under section 97-3-7(2)(a)(i), which covers those circumstances under which a person attempts to cause, or causes "serious bodily injury to another ... purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."
 

 ¶ 39. May then choked Barbara, causing bodily injury to her by "[a] means likely to produce death or serious bodily harm"-May strangled Barbara causing her to become unconscious and causing injury to her neck. The State charged this different aggravated-assault offense, committed with means likely to produce death or serious bodily injury, in Count II under section 97-3-7(2)(a)(ii).
 

 ¶ 40. Section 97-3-7(2)(a) clearly and unambiguously sets forth three separate and distinct ways of committing the crime of aggravated assault. In this case, the offenses set forth in Count I and Count II are charged under separate and distinct provisions of section 97-3-7(a)(2), subsection 97-3-7(a)(2)(i) and subsection 97-3-7(a)(2)(ii), each containing an element not present in the other. In
 
 Towner
 
 , we recognized that "[a] relatively recent restatement of
 
 Blockburger
 
 was that when 'each [separately charged crime] requires proof of a fact that the other does not, the
 
 Blockburger
 
 test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes....' "
 
 Towner
 
 ,
 
 812 So.2d at 1114
 
 (¶ 22) (quoting
 
 Iannelli v. United States
 
 ,
 
 420 U.S. 770
 
 , 785 n.17,
 
 95 S.Ct. 1284
 
 ,
 
 43 L.Ed.2d 616
 
 (1975) ). Although Count I and Count II both involve the same victim, the means by which May harmed Barbara, and the injuries she suffered, were separate and distinct under each Count, each requiring proof of facts that the other does not. In contrast to the majority, I would affirm the trial court's convictions and judgment of May on both Counts I and II.