930 So.2d 448 (2006)
Lavon Darall (Darrall) SMALLWOOD a/k/a Lavon Darell Smallwood, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01603-COA.
Court of Appeals of Mississippi.
May 23, 2006.
*449 Leslie D. Roussell, Laurel, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
SOUTHWICK, J., for the Court.
¶ 1. Lavon Smallwood was convicted of burglary and acquitted of armed robbery by a Wayne County Circuit Court jury. *450 He seeks reversal here due to the doctrine of merger, a double jeopardy violation, denial of his directed verdict and post-trial motions, and a disproportionate sentence. We disagree and affirm.

FACTS
¶ 2. On December 12, 2002, at 6:00 p.m., Smallwood went to the residence of Douglas O'Harroll and knocked on the door. O'Harroll's sixteen-year-old son asked who was knocking. Smallwood replied by saying, "Meetchie," who was a friend and neighbor of the O'Harroll's. The son unlocked the door. When he noticed that it was not the family friend, he tried to close the door. Smallwood, by force, gained entry to the house and put a gun to the senior O'Harroll's head, demanding money. O'Harroll surrendered cash and Smallwood departed.

DISCUSSION

ISSUE 1: Merger
¶ 3. Smallwood argues that the trial court committed reversible error by failing to grant him a directed verdict as to the burglary charge based on the doctrine of merger. Smallwood argues that it was impossible to commit the armed robbery without first committing the burglary. On this basis, he alleges that the two offenses merged and he could not be charged with both.
¶ 4. The Supreme Court has rejected the doctrine that if one crime is an integral part of another, that the two merge and cannot be charged separately.
We decline to adopt the merger doctrine and hold that under our felony-murder statute, the underlying felony does not merge into the murder. Our statutory provisions dealing with murder and the particular felony, in this case, burglary, are intended to protect different societal interests. When the appellant entered the home of [a person] with the intent to commit a crime therein, i.e., to kill [the victim], the burglary was complete and the subsequent killing of [the victim] elevated the crime of murder to that of capital murder. We find the appellant's argument unpersuasive.
Smith v. State, 499 So.2d 750, 754 (Miss. 1986).
¶ 5. We find no basis on which to conclude that this holding has been undermined by any later ruling by this state's highest court or by the United States Supreme Court. Merger is rejected.

ISSUE 2: Double Jeopardy
¶ 6. Smallwood argues that being tried for the crime of burglary and armed robbery under these facts is a violation of double jeopardy. Double jeopardy protection may be invoked when a defendant was previously tried on the merits and either convicted or acquitted of the same crime currently being charged. Lightsey v. State, 493 So.2d 375, 377-78 (Miss.1986). Smallwood was not previously tried for either of the present charges. Double jeopardy protection may also be invoked when a person otherwise would be punished multiple times for the same crime. Greenwood v. State, 744 So.2d 767, 770 (Miss.1999). Offenses that qualify as the same crime are determined by comparing the elements of each. Ramage v. State, 914 So.2d 274, 276 (Miss.Ct.App.2005) (citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).
¶ 7. The offense of armed robbery contains the elements of exhibiting a deadly weapon and putting the victim in fear. Miss.Code Ann. § 97-3-79 (Rev.2000). Burglary of a dwelling does not contain these elements. Further, burglary includes elements not found in armed robbery such as breaking and entering. Miss. Code Ann. § 97-17-23 (Rev.2000). Small-wood *451 was charged with these two distinct crimes and was only tried at one trial for each.

ISSUE 3: Motions for Directed Verdict and for Judgment Notwithstanding the Verdict
¶ 8. Smallwood argues that the trial court erred in denying a directed verdict at the close of the prosecution's case-in-chief and also in not granting a judgment notwithstanding the verdict. Smallwood claims that the prosecution failed to prove that he broke into the dwelling. A breaking is required for the crime of burglary. Miss.Code Ann. § 97-17-23 (Rev.2000). Smallwood used force to enter the residence by pushing the door open when O'Harroll's son tried to close the door. The element of a "breaking" also may be constructive if entry is gained by use of deceit or trickery. Templeton v. State, 725 So.2d 764, 766 (Miss.1998). Evidence was presented to support a finding of constructive breaking in that Smallwood was deceptive in using the name of O'Harroll's friend for the purpose of gaining entry to the house.
¶ 9. Smallwood also argues that he should have been granted a judgment of acquittal on the burglary because he was acquitted of the armed robbery charge. He argues that the burglary required an intent to commit some crime in the dwelling. That intent was in his view negated by the fact that he was acquitted of armed robbery. The difficulty with this argument is that what was needed for the burglary was that Smallwood had the intent to commit the crime when he entered. If the jurors found that Smallwood entered with the intent but ultimately did not commit the robbery, there is complete logic to the two verdicts. Regardless, inconsistency in a verdict is not grounds for overturning a conviction. Holloman v. State, 656 So.2d 1134, 1141 (Miss.1995). If there was sufficient evidence to convict on the burglary, Smallwood cannot set aside that verdict simply because he was acquitted of some other charge, no matter how closely related.

ISSUE 4: Disproportionate Sentence
¶ 10. Smallwood argues that he is less culpable than his two co-defendants but received the harshest sentence. A codefendant who pled guilty to burglary and armed robbery received a twenty year sentence, fourteen years of which were suspended. The other co-defendant went to trial, was found guilty of burglary and armed robbery, and then reached a bargain with the prosecutor for the same sentence as for the individual who pled guilty. Smallwood was found guilty only of burglary and received a twenty-five year sentence of which ten years were suspended. He also was fined $10,000.
¶ 11. Smallwood argues that he is entitled to the benefit of the proportionality analysis formulated by the United States Supreme Court. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This analysis is applied only in rare cases where "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Ewing v. California, 538 U.S. 11, 30, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)). In Mississippi, sentences that do not exceed statutory limitations will generally be upheld. Tate v. State, 912 So.2d 919, 933 (Miss.2005). The Mississippi appellate courts recognize the broad authority of the legislature and trial courts in the area of sentencing for crimes and will not engage in an extended proportionality analysis where the sentence is not manifestly *452 disproportionate. Id. A twenty-five year sentence has been held not to be grossly disproportionate for the crime of burglary. Grimes v. State, 909 So.2d 1184, 1188 (Miss.Ct.App.2005). Smallwood was convicted for burglary and received a sentence that is less than the maximum for that offense. The analysis for proportionality is not required for the sentence Smallwood received.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED, FIVE YEARS OF SUPERVISED PROBATION AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.