# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00865-COA

ALBERT L. MCDONALD A/K/A ALBERT LEE MCDONALD A/K/A ALBERT MCDONALD                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2015 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALBERT L. MCDONALD (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 09/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. After an argument with his girlfriend, Albert McDonald shot her. She survived, but McDonald went on to kill two people and seriously wound two others. In 2005, he pled guilty to two counts of capital murder, three counts of aggravated assault, three counts of burglary of a dwelling, and one count of kidnapping. In 2015, he filed a motion for post-conviction relief contending that he was subjected to double jeopardy, that some of his indictments were defective, and that he had received ineffective assistance of counsel. The

circuit court dismissed the motion without an evidentiary hearing, finding McDonald's claims procedurally barred and without merit. We agree and affirm.

## STANDARD OF REVIEW

¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

¶4. At the outset, we must address the motion's failure to comply with the Uniform Post-Conviction Collateral Relief Act's requirement that "[a PCR] motion shall be limited to the assertion of a claim for relief against one (1) judgment only." Miss. Code Ann. § 99-39-9(2) (Rev. 2015). "If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." *Id.* This is true even when all of the sentences are imposed in a single sentencing order. *Brandon v. State*, 108 So. 3d 999, 1004 (¶10) (Miss. Ct. App. 2013). The convictions McDonald challenges in his motion stem from several indictments and lower court cause numbers. Still, we have held that such error is

harmless when the motions are found to be without merit, as is the case here. *See id.* at (¶11).

¶5.     That being said, McDonald's motion is also time-barred, as McDonald pled guilty, the motion was filed outside the three years following the entry of his convictions, and the motion is not subject to any of the statutory exceptions to the time-bar. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). We will address further issues relating to the time-bar under our discussion of the underlying merits of each of McDonald's claims, which we present in the alternative.

### 1. Double Jeopardy

¶6.     "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after a conviction, and (3) protection against multiple punishments for the same offense." *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001). We employ the *Blockburger* test to determine whether a double-jeopardy violation has occurred; it asks "whether each offense contains an element not present in the other." *Watkins v. State*, 101 So. 3d 628, 532 (¶12) (Miss. 2012) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

¶7.     McDonald argues that his constitutional protection against double jeopardy was violated by his conviction of two counts of capital murder based on the same underlying felony – robbery. In this contention, McDonald erroneously assumes that he cannot be convicted of two counts of capital murder unless there are two separate underlying felonies.

3

This is simply not the case because, even assuming the capital murder convictions were based on the same robbery, each capital murder count contains an element not present in the other – a separate victim. *See Watkins*, 101 So. 3d at 532 (¶12). Moreover, although it is true that each of his indictments only specified the offense as "robbery," the factual basis as outlined by the prosecutor for McDonald's guilty plea, which McDonald admitted under oath, was for robbery of each of the murder victims, separately, as the encounters with the victims occurred some time apart.

¶8. McDonald relies on *Roland v. State*, 98 So. 3d 1032, 1033 (¶1) (Miss. 2012), where the Mississippi Supreme Court found a double jeopardy violation where a defendant pled guilty to two counts of capital murder and two counts of robbery, when the robberies were the felonies underlying the capital murders. McDonald's case is simply inapposite, as while his capital murder convictions rely on the underlying felony of robbery, he was not separately convicted of either robbery.

¶9. Next, McDonald argues that he was convicted of two counts of burglary for the same house. This argument is based on the fact that the indictments list two of the houses as being at the same postal address (different owners were specified for each house). At the guilty plea hearing, the prosecutor stated that these were two separate residences, which were entered separately, and McDonald admitted these facts when he pled guilty.[1] We find no

---

[1] In his other arguments in the motion for post-conviction relief, McDonald seems to admit this; he also contends that the residences were erroneously described in the indictment and that they, in fact, had separate postal addresses.

merit to this contention.

¶10. McDonald also contends that two of his convictions for burglary were precluded by his capital murder convictions, with robbery as the underlying crime. This argument is without merit, as burglary and robbery are different offenses with different elements. Burglary contains elements not present in robbery – breaking and entering, intent to commit a crime therein, etc. *See Smallwood v. State*, 930 So. 2d 448, 450-51 (¶7) (Miss. Ct. App. 2006).

¶11. Finally, McDonald asserts that he was convicted of two counts that "charge the same crime and elements." But it is unclear what he means by this – he points to lower court cause numbers UK-2005-175 and UK-2005-241 (Count II). UK-2005-175 contains two counts, the kidnapping and aggravated assault of Denise Spight. Count II of UK-2005-241 charged McDonald with the aggravated assault of Harold Dye. We see no double jeopardy violation here.

¶12. We find no merit to McDonald's double jeopardy arguments.

### 2. Indictments

¶13. McDonald next makes various challenges to his indictments.

¶14. First, he argues that his burglary indictments failed to adequately accuse him of an underlying offense, which was larceny. His complaint seems to be that the word "larceny" was not used. However, the indictments did allege that McDonald broke and entered "with the felonious intent to unlawfully, willfully, and feloniously take, steal and carry away the

goods, wares, chattels, or merchandise in said dwelling." This was sufficient. *See Pickney v. State*, 192 So. 3d 337, 342 (¶20) (Miss. Ct. App. 2015).

¶15.     McDonald also complains that the prosecutor, when stating the factual basis for the guilty pleas, specified underlying intents for two of the burglary counts that differed from the ones for which he was indicted. This does appear to be the case – in both indictments, McDonald was alleged to have broken and entered with intent to commit larceny inside. However, when the prosecutor gave the factual basis for the convictions, he stated that McDonald entered one of the houses with intent to murder the occupants, and in the other, with the intent to evade capture by the police.

¶16.     To the extent McDonald argues his indictments were constructively amended by the substitution of a different intent from the one specified in the indictments, this claim was waived. "[A] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." *Reeder v. State*, 783 So. 2d 711, 720 (¶36) (Miss. 2001). "A claim of constructive amendment . . . is not the equivalent of a charge of a jurisdictional defect." *United States v. Bieganowski*, 313 F.3d 264, 286-87 (5th Cir. 2002). The constructive amendment claim was waived when McDonald pled guilty.

¶17.     As to whether there was a factual basis supporting the intent element of the two contested burglaries, "the crime of burglary requires the jury to find beyond a reasonable doubt that the defendant broke and entered the dwelling house of another with the intent to

6

commit some crime therein." *Conner v. State*, 138 So. 3d 143, 149 (¶14) (Miss. 2014) (citing Miss. Code Ann. § 97-17-23(1) (Rev. 2006)). There is no doubt that entering a dwelling with intent to commit the criminal act of shooting the occupants suffices to prove the intent element of burglary. It is less clear whether "intent to evade capture" does, as the prosecutor initially articulated it. But the prosecutor's complete statement removes any doubt – once inside the house, McDonald laid in wait, and when someone entered, he robbed and murdered her, taking her keys and vehicle. Since intent to commit a crime inside "may be proved by circumstantial evidence, and may be inferred from the time and the manner in which the entry was made, and the conduct of the accused after the entry," the trial court had before it a factual basis for concluding that McDonald entered the home with the intent to commit any one of several crimes inside – theft, robbery, or murder. *See Windless v. State*, 185 So. 3d 956, 962 (¶11) (Miss. 2015) (citation omitted).

¶18.    McDonald also complains that the indictments for aggravated assault were defective because they omitted an essential element: "or other means likely to produce death or serious bodily injury." This is simply not required when, as here, the allegation is that the aggravated assault was done with a deadly weapon. The statute states in relevant part: "A person is guilty of aggravated assault if he . . . purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." Miss. Code Ann. § 97-3-7(2)(a)(ii). The statute employs the disjunctive "or"; in other words, it criminalizes both aggravated assaults with a deadly weapon and aggravated assaults

7

committed with "other means likely to produce death or serious bodily harm." *Id.* Only one of the two is required. In this case, McDonald was alleged to have used a deadly weapon, a pistol, in each of his aggravated assaults. That was sufficient.

¶19. Next, McDonald complains about a supposed lack of signatures on his indictments. He claims that his indictment in cause number UK-2005-175 is defective because it was not signed by the foreman of the grand jury. This claim appears to be based on the copy McDonald attached to his motion for post-conviction relief as an exhibit, which is missing its second page. In the actual record from that cause number, the second page is present and is signed by the grand jury foreman. McDonald also alleges that his waiver of indictment in cause number UK-2005-241 lacks the signature of the trial judge, but he presents no authority that this was required. Moreover, even if one or both of these documents were missing required signatures, McDonald waived the issues by pleading guilty. *See Clark v. State*, 54 So. 3d 304, 307-08 (¶9) (Miss. Ct. App. 2011).

### 3. Ineffective Assistance of Counsel

¶20. McDonald makes various claims that he received ineffective assistance of counsel, including his allegation that one of his attorneys had a conflict of interest. But for an ineffective assistance of counsel claim to be excepted from the time-bar under the fundamental constitutional rights exception, it must concern either: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; [or] (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184

So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). We have already addressed and rejected McDonald's double jeopardy arguments, and he makes no claims relating to the other potential avenues for arguing this issue outside of the three-year limitations period. Thus we find it without merit.

### 4. Confession

¶21. McDonald lists as a separate issue claimed violations of various constitutional rights stemming from a coerced confession. These claims are time-barred and barred by McDonald's guilty plea. *Reeder*, 783 So. 2d at 720 (¶36).

¶22. **THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**