# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01904-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

*v.*

**ROBERT BOYD**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/2015 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY L. SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL C. BAUGHN |
| ATTORNEY FOR APPELLEE: | ROBERT BOYD (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 01/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Department of Corrections (MDOC) appeals the Sunflower County Circuit Court's decision requiring it to develop a parole case plan for Robert Boyd. We reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1986, Boyd was convicted of murder and two counts of aggravated assault. He was sentenced to life imprisonment for the murder, and to four years for each aggravated assault. In May 2001, MDOC released Boyd on parole. But eight years later, he absconded

supervision and his parole was revoked. Boyd was released on parole a second time in September 2010, but again violated the terms of his parole and it was revoked in 2013.

¶3. In July 2015, Boyd asked MDOC to implement a parole case plan for him in accordance with newly enacted Mississippi Code Section 47-7-3.1.[1] Boyd filed his "first step" with MDOC's Administrative Remedy Program (ARP).[2] In response, MDOC said that House Bill 585 was not retroactive and that it applied only to those offenders sentenced on or after July 1, 2014. MDOC informed Boyd that he was not entitled to a parole case plan, but that he would "continue to be considered for Parole Docket and be reviewed by the Parole Board." Boyd proceeded to ARP's "second step," and MDOC again informed him that he was not entitled to a parole case plan.

¶4. Boyd then filed a motion for judicial review in the Circuit Court of Sunflower County,[3] and the circuit judge reversed MDOC's decision, finding that Section 47-7-3.1 applied retroactively to offenders sentenced before July 1, 2014. After that ruling, Boyd filed

---

[1]Section 47-7-3.1 provides, in pertinent part, that ". . . [MDOC] shall develop a case plan for all parole eligible inmates to guide an inmate's rehabilitation while in [MDOC's] custody and to reduce the likelihood of recidivism after release." Miss. Code Ann. § 47-7-3.1(1) (Rev. 2015). Section 47-7-3.1 was enacted via House Bill 585 and took effect on July 1, 2014.

[2]Mississippi Code Sections 47-5-801 and 47-5-803 authorize MDOC to "adopt an administrative review procedure," which "shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have against the State of Mississippi, the Department of Corrections or its officials or employees." Miss. Code Ann. §§ 47-5-801, 47-7-803(1) (Rev. 2015).

[3]Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. 47-5-807 (Rev. 2015).

a motion for clarification of order, asking the trial court to "clarify [its] order of reversal to include specific instructions to MDOC to issue a 'case plan' to [him]." MDOC responded with a motion to stay enforcement of the trial court's order until this Court issued an opinion in ***Fisher v. Drankus***, 204 So. 3d 1232 (Miss. 2016). MDOC also appealed to this Court. The circuit judge then denied Boyd's motion for clarification as untimely and granted MDOC's motion to stay. On appeal, MDOC presents two arguments:

1. Boyd is not eligible to receive a parole case plan pursuant to Miss. Code Ann. § 47-7-3.1, since he was convicted prior to July 1, 2014; and

2. Boyd is not eligible for "presumptive parole" pursuant to Miss. Code Ann. § 47-7-18, since he was convicted prior to July 1, 2014.

## ANALYSIS

¶5.     As both MDOC and the circuit judge recognized, this Court recently was presented with these exact arguments in ***Fisher v. Drankus***, 204 So. 3d 1232 (Miss. 2016)[4]—a case also from the Sunflower County Circuit Court. There, as here, inmate Drankus argued that he was entitled to a case plan under newly enacted Section 47-7-3.1. Drankus appealed after MDOC informed him that he was not eligible for a case plan because he was sentenced in 1987, and the circuit judge reversed MDOC's decision. MDOC appealed to this Court, and we found that "MDOC's interpretation of Section 47-7-3.1 [was] reasonable and not inconsistent with the language of the statute and ascertainable legislative intent." ***Drankus***, 204 So. 3d at 1232 (¶ 10). We also found that "[b]ecause Section 47-7-3.1 does not clearly and unequivocally express an intention for retroactive applicability, we cannot say that

---

[4]The mandate issued on December 29, 2016.

3

Section 47-7-3.1 applies to Drankus." *Id.* at ¶ 14. We find the same here and therefore reverse and render the judgment of the Sunflower County Circuit Court.[5]

## CONCLUSION

¶6.     For the reasons stated in ***Fisher v. Drankus***, we reverse and render the judgment of the Sunflower County Circuit Court.

¶7.     **REVERSED AND RENDERED**.

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[5]*See also **Rochell v. State**, 204 So. 3d 774 (Miss. 2016).