# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01908-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

*v.*

*JERRY BLAND*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/2015 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY L. SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL C. BAUGHN |
| ATTORNEY FOR APPELLEE: | JERRY BLAND (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 01/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Department of Corrections (MDOC) appeals the Sunflower County Circuit Court's decision requiring it to develop a parole case plan for Jerry Bland. We reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1982, Bland pleaded guilty to capital murder, burglary of a dwelling, and uttering

a forgery. He was sentenced to life imprisonment for the capital murder, to ten years for the burglary, and to fifteen years for the forgery. Bland first was eligible for parole in October 1998, but he was denied. Since then, Bland has had seven more parole hearings, and his next hearing currently is scheduled for May 21, 2018.

¶3.     After House Bill 585 went into effect in July 2014, Bland sought a parole case plan pursuant to newly enacted Mississippi Code Section 47-7-3.1.[1] On July 1, 2015, Bland filed his "first step" with MDOC's Administrative Remedy Program (ARP).[2] In response, MDOC said that House Bill 585 was not retroactive and that it applied only to those offenders sentenced on or after July 1, 2014. MDOC informed Bland that he was not entitled to a parole case plan, but that he would "continue to be considered for Parole Docket and be reviewed by the Parole Board." Bland proceeded to ARP's "second step," and MDOC again informed him that he was not entitled to a parole case plan.

¶4.     Bland then filed a motion for judicial review in the Circuit Court of Sunflower County,[3] and the circuit judge reversed MDOC's decision, finding that Section 47-7-3.1

---

[1]Section 47-7-3.1 provides, in pertinent part, that ". . . [MDOC] shall develop a case plan for all parole eligible inmates to guide an inmate's rehabilitation while in [MDOC's] custody and to reduce the likelihood of recidivism after release." Miss. Code Ann. § 47-7-3.1(1) (Rev. 2015).

[2]Mississippi Code Sections 47-5-801 and 47-5-803 authorize MDOC to "adopt an administrative review procedure," which "shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have against the State of Mississippi, the Department of Corrections or its officials or employees." Miss. Code Ann. §§ 47-5-801, 47-7-803(1) (Rev. 2015).

[3]Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision,

2

applied retroactively to offenders sentenced before July 1, 2014. MDOC now appeals to this Court and presents two arguments:

1. Bland is not eligible to receive a parole case plan, pursuant to Miss. Code Ann. § 47-7-3.1, since he was convicted prior to July 1, 2014; and

2. Developing a case plan is moot since Bland's parole eligibility date is in the past, so the purpose of the case plan which is to facilitate presumptive parole cannot be fulfilled.

**ANALYSIS**

¶5.      This Court recently addressed these exact arguments in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016) — a case also from the Sunflower County Circuit. There, as here, inmate Drankus argued that he was entitled to a case plan under newly enacted Section 47-7-3.1. Drankus appealed after MDOC informed him that he was not eligible for a case plan because he was sentenced in 1987, and the circuit judge reversed MDOC's decision. MDOC appealed to this Court, and we found that "MDOC's interpretation of Section 47-7-3.1 [was] reasonable and not inconsistent with the language of the statute and ascertainable legislative intent." *Drankus*, 204 So. 3d at 1232 (¶ 10). We also found that "[b]ecause Section 47-7-3.1 does not clearly and unequivocally express an intention for retroactive applicability, we cannot say that Section 47-7-3.1 applies to Drankus." *Id.* at ¶ 14. We find the same here and therefore reverse and render the judgment of the Sunflower County Circuit Court.[4]

---

seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2015).

[4]*See also* **Rochell v. State**, 204 So. 3d 774 (Miss. 2016).

**CONCLUSION**

¶6.     For the reasons stated in ***Fisher v. Drankus***, we reverse and render the judgment of

the Sunflower County Circuit Court.

¶7.     **REVERSED AND RENDERED**.

       **WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**