# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01905-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS,*
*MARSHALL FISHER, EARNEST LEE AND*
*SONJA STANCIEL*

*v.*

*CHARLES D. ALLEN a/k/a CHARLES DAVID*
*ALLEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/28/2015 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| TRIAL COURT ATTORNEYS: | JAMES M. NORRIS |
| | CHARLES D. ALLEN (PRO SE) |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ANTHONY LOUIS SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| ATTORNEY FOR APPELLEE: | CHARLES D. ALLEN (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 01/26/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    Charles Allen, a parole-eligible inmate in the custody of the Mississippi Department

of Corrections (MDOC), filed a request pursuant to the administrative review procedure

(ARP) that MDOC develop a case plan for him. MDOC denied the request and, after

exhausting his administrative remedies, Allen appealed to the Circuit Court of Sunflower

County. The circuit court found that Allen was entitled to receive a case plan under an

amendment to the Probation and Parole Law. MDOC appeals, arguing that the circuit court lacked jurisdiction over Allen's appeal because it was untimely, and, alternatively, that the Probation and Parole Law does not entitle Allen to receive a case plan.

¶2. Because MDOC's argument that the circuit court lacked jurisdiction over Allen's action is not supported by the record, we do not consider it. We find that, based on our recent holding in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016), the Probation and Parole Law does not entitle Allen to a case plan. Therefore, we reverse the decision of the circuit court and render a decision in favor of MDOC.

**FACTS**

¶3. The record includes the first page of Allen's circuit court appeal, which shows that Allen filed an "Appeal from Administrative Decision" on September 16, 2015. Also included is the first page of a supporting memorandum, which claims that MDOC, by adopting certain regulations, violated state statutes by denying a case plan to Allen and other inmates. Although MDOC's designation of the appellate record requested all papers filed in the trial court, no other pages of Allen's appeal or memorandum were included in the record.[1] On November 2, 2015, MDOC filed a motion to dismiss, arguing that Allen had neither alleged

---

[1] On November 14, 2016, this Court received a copy of Allen's request for an administrative remedy and MDOC's First Step Response Form and Second Step Response Form denying relief. A file stamp on these documents reflects that they were filed in the circuit court on November 9, 2016, approximately one year after that court had rendered its decision dated November 6, 2015. Because this filing was not a part of the record before the circuit court at the time of its ruling, we do not consider it. *See* M.R.A.P. 10(f) ("[n]othing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate, and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal").

nor shown that he had exhausted his administrative remedies, that Allen's claim was procedurally barred, and that his appeal was not ripe for adjudication.

¶4. On November 6, 2015, the circuit court entered an order granting Allen's request for a case plan. The circuit court found that Allen had sought relief through ARP, and that, on July 21, 2015, MDOC had denied Allen's request for relief on the ground that Mississippi Code Section 47-7-3.1 did not apply "retroactively" to prisoners sentenced before the effective date of the amendment on July 1, 2014. After examining Mississippi Code Section 47-7-3.1, the circuit court rejected MDOC's position, finding that, because Section 47-7-3.1(1) provides that MDOC shall develop a case plan for all parole-eligible inmates, the plain language of the statute mandates that MDOC develop a case plan for all such inmates, including Allen. Although Section 47-7-3.1(2) does say that MDOC must complete a case plan within ninety days of an inmate's admission to MDOC custody, the circuit court found that Section 47-7-3.1(2) merely established a deadline for the completion of case plans for new inmates. The circuit court ordered MDOC to complete Allen's case plan within ninety days.

## DISCUSSION

I.   WHETHER THE CIRCUIT COURT HAD JURISDICTION OVER ALLEN'S APPEAL.

¶5. Mississippi Code Section 47-5-807 provides that an inmate aggrieved by a decision of MDOC under ARP may appeal within thirty days after the inmate receives MDOC's final decision. Miss. Code Ann. § 47-5-807 (Rev. 2015). MDOC contends that Allen received its final decision on July 21, 2015, but that he did not file his appeal until September 16, 2015,

3

well past the thirty-day period. MDOC argues that timely filing under Section 47-5-807 is jurisdictional, *Stanley v. Turner*, 846 So. 2d 279, 282 (Miss. Ct. App. 2003), and that, because Allen's appeal was untimely, the circuit court lacked jurisdiction.

¶6.     Although MDOC asserts in its brief that Allen received its final decision on July 21, 2015, it fails to cite any record evidence that Allen received its final decision on July 21, 2015. And the record does not disclose the date that Allen received the department's final decision. "This Court will consider only those matters that actually appear in the record and does not rely on mere assertions in briefs." *Touchstone v. Touchstone*, 682 So. 2d 374, 380 (Miss. 1996). Accordingly, we do not consider this issue.

II.     WHETHER ALLEN WAS ENTITLED TO A CASE PLAN UNDER SECTION 47-7-3.1 OF THE PROBATION AND PAROLE LAW.

¶7.     Effective July 1, 2014, the legislature amended the Probation and Parole Law to require MDOC to develop a case plan for "all parole eligible inmates." Miss. Code Ann. § 47-7-3.1(1) (Rev. 2015). A "parole case plan" is defined as "an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board to prepare offenders for release on parole at the parole eligibility date." Miss. Code Ann. § 47-7-2(c) (Rev. 2015). Case plans must "focus on the offender's criminal risk factors that, if addressed, reduce the likelihood of reoffending." *Id.*

¶8.     Under review is MDOC's denial of Allen's request for a case plan based on its interpretation of the Probation and Parole Law. On review of the decision of an administrative agency, this Court determines whether the agency's decision was supported by substantial evidence, was arbitrary and capricious, was beyond the agency's power to

4

make, or violated a party's constitutional rights. ***Jones v. Miss. Emp't Sec. Comm'n***, 181 So. 3d 1001, 1003 (Miss. 2016). While this Court affords *de novo* review to an agency's interpretation of a governing statute, we give great deference to the agency's interpretation. ***Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid***, 21 So. 3d 600, 606 (Miss. 2009) (citing ***Sierra Club v. Miss. Envtl. Quality Permit Bd.***, 943 So. 2d 673, 678 (Miss. 2006)). This Court's polestar consideration when determining the meaning of a statute is the legislative intent. ***Miss. Gaming Comm'n v Imperial Palace of Miss., Inc.***, 751 So. 2d 1025, 1028 (Miss. 1999).

¶9.     MDOC argues that Section 47-7-3.1(2), which requires that the case plan be completed within ninety days of the inmate's admission, and Section 47-7-3.1(4), which provides that the case plan must be achievable before the inmate's parole eligibility date, indicate legislative intent to limit the case plan requirement only to those inmates admitted after July 1, 2014, the effective date of the amendments to the Probation and Parole Law. After the conclusion of briefing in this case, this Court held in ***Drankus***, 204 So. 3d at 1232 (¶ 10), that the case plan requirement in Section 47-7-3.1(1) does not apply to inmates admitted to MDOC custody before the effective date of the statute.[2]

¶10.    In ***Drankus***, an inmate who had been sentenced in 1987 filed an ARP request for a case plan. ***Drankus***, 204 So. 3d at 1232 (¶ 2). MDOC denied the request on the ground that

---

[2] Also, in ***Rochell v. State***, 204 So. 3d 774 (Miss. 2016), the Court held that an amendment to the Probation and Parole Law providing for presumptive parole did not apply to an inmate sentenced before July 1, 2014. ***Id.*** at 776. To reach this conclusion, the Court in ***Rochell*** relied in part on its determination that the case plan requirement did not apply to such inmates. ***Id.***

Section 47-7-3.1 does not apply retroactively to inmates sentenced before July 1, 2014. *Id.* at 1232 (¶ 3). Drankus appealed to the circuit court, which held that Mississippi Code Section 47-7-3.1 means that *all* parole eligible inmates, including Drankus, must receive a case plan. *Id.* at 1232 (¶ 6). MDOC appealed, and this Court found that the department's interpretation of the Probation and Parole Law was reasonable and supported by the statutory language. *Id.* at 1232 (¶ 10). The Court applied the rule that "[a] statute will not be construed to be retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is." *Id.* at 1232 (¶ 13) (quoting *Hudson v. Moon*, 732 So. 2d 927, 931 (Miss. 1999)). A majority of this Court[3] observed that Section 47-7-3.1(2) requires MDOC to complete a case plan within ninety days of an inmate's admission to MDOC custody. *Id.* at 1232 (¶ 10). The majority further observed that Section 47-7-3.1(4) provides that MDOC "shall ensure that the case plan is achievable prior to [an] inmate's parole eligibility date." *Id.* at 1232 (¶ 7); Miss. Code Ann. § 47-7-3.1(4). The Court found that, although Section 47-7-3.1(1) provides that "all parole eligible inmates" receive a case plan, it would be impossible for MDOC to develop case plans for all such inmates and comply with Section 47-7-3.1(2) and 47-7-3.1(4). *Drankus*, 204 So. 3d at 1232 (¶ 10). Therefore, the Court held that Section 47-7-3.1 did not "clearly and unequivocally express an intention for retroactive applicability"; thus, it did not apply to Drankus. *Id.* at 1232 (¶ 14).

¶11.    This Court's holding in *Drankus* governs the outcome of this case. Like Drankus, Allen, who was sentenced before July 1, 2014, filed an ARP request that MDOC develop a

---

[3] Three justices disagreed with the reasoning of the majority. *Id.* at 1232 (¶¶ 16-29) (Dickinson, P.J., concurring in result only; Kitchens, J., dissenting, joined by King, J.).

case plan for him. MDOC denied Allen's ARP request on the ground that Section 47-7-3.1 does not apply to inmates sentenced before July 1, 2014. Although the circuit court reversed MDOC's decision, on appeal this Court held that the department's interpretation of the Probation and Parole Law was reasonable. Applying **Drankus**, we hold that, because Allen was sentenced before the effective date of the Probation and Parole Law, he is not entitled to a case plan. Therefore, we reverse the decision of the circuit court and render a decision in favor of MDOC.

## CONCLUSION

¶12. This Court determined in **Fisher v. Drankus**, 204 So. 3d 1232, that, under the Probation and Parole Law, an inmate sentenced before July 1, 2014, is not entitled to receive a case plan. Therefore, because Allen was sentenced before July 1, 2014, he is not entitled to a case plan. We reverse the decision of the circuit court and render a decision in favor of MDOC.

¶13. **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**

7