**IN THE COURT OF APPEALS OF IOWA**

No. 17-0820
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC DEVON BROWN,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.


    Defendant challenges his conviction and sentence for burglary in the third

degree.  **CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED.**


    Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


    Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Eric Brown pleaded guilty to burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A (2017). In this direct appeal, he contends his guilty plea lacked a factual basis, the prosecutor breached the plea agreement, and the prosecutor had a disqualifying conflict of interest.

I.

Brown's first and second claims are presented as claims of ineffective assistance of counsel. Because a claim of ineffective assistance arises out of the constitutional guarantee to have the assistance of counsel for one's defense, our review is de novo. *See Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). To succeed on an ineffective-assistance claim a defendant must show "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

A.

We first address Brown's claim his guilty plea lacked a factual basis. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice is inherent in such a case." *State v. Nall*, 894 N.W.2d 514, 525 (Iowa 2017). In establishing a factual basis for a guilty plea, the district court can "(1) inquir[e] of the defendant, (2) inquir[e] of the prosecutor, and (3) examin[e] the presentence report." *State v. Finney*, 834 N.W.2d 46, 56 (Iowa 2013). In addition, the district court may look to the minutes of testimony where the minutes are acknowledged during the plea colloquy. *See id.* at 57. When this court reviews whether there is a factual basis for the plea, the relevant inquiry is whether the

record before the district court as a whole supports a factual basis for each element of the offense. *See State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *3–4 (Iowa Ct. App. June 13, 2012) (collecting cases).

At issue here, to commit a burglary, one must enter an occupied structure with "no right, license, or privilege to do so." *See* Iowa Code § 713.1. Brown contends his counsel was ineffective in allowing to him plead guilty because Brown had permission to enter the occupied structure at issue. The plea record shows the occupied structure at issue is an apartment. In February 2017, the tenants returned to the apartment and noticed the back door ajar. They notified police. After some searching, the tenants found a mobile phone in the apartment belonging to neither of them. The police later determined the phone belonged to Brown. One of the tenants also discovered several bottles of her prescription drugs were missing. When the police contacted the landlord, the landlord reported that "someone by the name of Eric had contacted him saying that he was a really good friend of [one of the tenants] and that she wanted help moving her stuff out and he was going to take the stuff to a new location." The landlord explained he authorized Eric to enter the apartment for this purpose. The minutes of testimony establish Brown was not friends with the tenants, was not authorized by them to be in the apartment, and was not helping them move.

Brown's entry into the apartment obtained by deceit of the landlord is sufficient to establish a constructive breaking and a factual basis for the guilty plea. *See* Judy E. Zelin, Annotation, *Maintainability of Burglary Charge Where Entry into Building Is Made with Consent*, 58 A.L.R.4th 335 (1987) ("It has been held that where the requisite consent for entry into premises is obtained by fraud or deceit,

there is no true consent, and burglary charges are maintainable under a statutory scheme not requiring actual breaking and entering."). "Constructive breaking occurs when entry is obtained by any manner other than physical force, such as by fraud or trick." *State v. Madison*, No. 00-1859, 2002 WL 570714, *2 (Iowa Ct. App. Feb. 20, 2002); *see State v. Schoo*, No. 03-0999, 2004 WL 2173328, at *1 (Iowa Ct. App. Sept. 29, 2004) (relying on definition of constructive breaking). "The law is clear that entry to a home procured by means of fraud is the legal equivalent of entry by force and constitutes a constructive breaking." *State v. Carey*, 165 N.W.2d 27, 47 (Iowa 1969) (Garfield, C.J., dissenting). Other states have reached similar conclusions. *See Commonwealth v. Labare*, 416 N.E.2d 534, 536 n.3 (Mass. App. Ct. 1981) ("[C]onstructive breaking is also a breaking within the meaning of the law. And a constructive breaking is one that is accomplished by trick or threat."); *Smallwood v. State*, 930 So. 2d 448, 451 (Miss. Ct. App. 2006) ("Evidence was presented to support a finding of constructive breaking in that Smallwood was deceptive in using the name of O'Harroll's friend for the purpose of gaining entry to the house."); *State v. Ortiz*, 584 P.2d 1306, 1308 (N.M. Ct. App. 1978) ("Where the consent to enter is obtained by fraud, deceit or pretense, the entry is trespassory because the entry is based on a false consent; that is, the entry is outside the consent that was given.").

While our statute defines the offense in terms of entry without right, license, or privilege to do so rather than "breaking," the same principle applies. Here, the right of entry was obtained by fraud and deceit and legally was no right of entry at all. *See Johnson v. State*, 921 So. 2d 490, 508 (Fla. 2005) ("Consent obtained by trick or fraud is actually no consent at all and will not serve as a defense to

burglary."). Counsel did not breach an essential duty in failing to raise a non-meritorious objection to the guilty plea. *See State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999). This claim of ineffective assistance of counsel thus fails.

### B.

We next address whether Brown's counsel was ineffective in failing to object to a purported breach of the plea agreement. By way of background, Brown entered an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25 (1970), in exchange for the State agreeing Brown be placed on pretrial release with supervision pending sentencing and agreeing to recommend a suspended sentence. Following the entry of Brown's guilty plea, Brown was granted pretrial release with supervision. As a condition of release, Brown was required to comply with the law. Eight days later, Brown was arrested on new charges, and Brown's bond was changed from release with supervision to $5000 cash bond only. At a subsequent bond review hearing, Brown again requested release with supervision, but the prosecutor argued against release with supervision and in favor of maintaining the cash bond. The district court denied Brown's request for release with supervision and ordered $5000 cash bond continue. Brown was unable to post bond and remained in jail pending sentencing. At the time of sentencing, the district court did not follow the parties' joint recommendation for a suspended sentence and instead sentenced Brown to an indeterminate prison term not to exceed five years.

Brown first argues the State breached the plea agreement when it resisted his second request for pretrial release with supervision. We disagree. "A consummated plea bargain does not insulate a defendant from the consequences

of his future misconduct. A defendant gets the benefit of his bargain only once." *People v. Jones*, 180 Cal. Rptr. 228, 233 (Cal. Ct. App. 1982). When the parties enter into a plea agreement, "an implied condition exists that circumstances surrounding the bargain will remain substantially the same, and a subsequent change is sufficient to relieve the State of its obligation." *State v. Pascall*, 358 N.E.2d 1368, 1368 (Ohio Ct. App. 1972). In the recent and analogous case of *State v. Pierce*, No. 17-0659, 2018 WL 347737, at *4 (Iowa Ct. App. Jan. 10, 2018), this court held the State did not breach a plea agreement requiring the State to recommend probation when the State recommended probation at the time of sentencing but subsequently advocated for incarceration at a subsequent revocation hearing. The court reasoned the "scope of the plea agreement was limited to the original sentencing hearing." *Pierce*, 2018 WL 347737, at *4. Similarly, in this case, the State followed the terms of the plea agreement and recommended Brown be released from jail prior to sentencing. The State performed its obligations under the terms of the plea agreement. At the time of the bond review hearing, the prosecutor stated he was supportive of pretrial release in the first instance but "certain things have changed since then," including charges for violation of a no-contact order. The prosecutor was not required to again recommend release with supervision after the defendant violated the terms and conditions of his pretrial release. Because the State was not required to again recommend release with supervision, Brown's counsel did not breach an essential duty in failing to object to the prosecutor's conduct. *See Westeen*, 591 N.W.2d at 207.

Brown also contends his counsel was ineffective in not objecting to the prosecutor's breach of the plea agreement at sentencing. Specifically, Brown contends the prosecutor undercut the recommendation for suspended sentence. The relevant portion of the sentencing hearing is as follows:

> The Court: The Court file does contain a Presentence Investigation Report that had been ordered by the Court. Mr. Thirnbeck, have you had an opportunity to review that with Mr. Brown?
> Mr. Thirnbeck: I have, Your Honor. We have no objection or corrections to the use, Your Honor.
> The Court: Mr. Dalen, any corrections to the PSI by the state?
> Mr. Dalen: No, Your Honor.
> The Court: And, Mr. Thirnbeck, do you know of any reason why we should not proceed with sentencing at this time?
> Mr. Thirnbeck: No, Your Honor.
> The Court: Mr. Dalen, what's the state's recommendation?
> Mr. Dalen: Thank you, Your Honor. The state is recommending a five year prison term, suspended; suspended $ 750 fine; and two years probation. We would note to the Court, just to update the PSI, that his pretrial release was terminated. He ended up getting a new conviction, which is currently on his record, a conviction since the plea change of a violation of a No Contact Order, and that would update his criminal history for the Court. Thank you.

The law in this area is well-established. "Our precedent makes clear the prosecutor must do more than merely recite the plea recommendation; the prosecutor must indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." *State v. Lopez*, 872 N.W.2d 159, 179 (Iowa 2015). In addition, the prosecutor cannot engage in conduct that undermines the recommendation. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of

the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015).

Here, the prosecutor breached the plea agreement in two respects. First, the prosecutor merely recited the State's recommendation without ever commending the sentence as worthy of the court's acceptance. *See Lopez*, 872 N.W.2d at 179. Second, immediately after stating the recommendation, the prosecutor discussed the defendant's criminal history. With respect to this second point, it is true in some cases we have concluded the prosecutor's recitation of the defendant's criminal history at the time of sentencing was not in violation of the spirit of the plea agreement where the recitation or discussion of the defendant's criminal history provided context to the proceeding and the prosecutor still recommended the bargained-for sentence despite the defendant's criminal history. *See State v. Brown*, No. 16-2051, 2017 WL 4317315, at *1 (Iowa Ct. App. Sept. 27, 2017) (finding no breach where State asked court to take judicial notice of prior deferred judgment but did not resist request for deferred judgment); *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (holding no breach where the prosecutor's recitation of a defendant's criminal history provided context where the presentence investigation report was unavailable); *State v. Otero*, No. 15-1175, 2016 WL 1133847, at *3 (Iowa Ct. App. Mar. 23, 2016) (finding no breach where prosecutor referenced dismissed charges to inform the court an agreement had been reached); *State v. Pearl*, No. 13-0796, 2014 WL 1714490, at *3 (Iowa Ct. App. Apr. 30, 2014) (finding the context given by the prosecutor was appropriate and did not breach the plea). That is not what occurred in this case. Here the

prosecutor simply recited the defendant's criminal history but never commended the sentence as worthy of the court's acceptance despite the criminal history.

Because a plea agreement "requires a defendant to waive fundamental rights, we are compelled to hold prosecutors and courts to the most meticulous standards of both promise and performance." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). "Our system of justice requires more and does not allow prosecutors to make sentencing recommendations with a wink and a nod." *Id.* at 218. Here, the State does not contend the prosecutor's performance was excused by Brown's violation of the terms and conditions of pretrial release, and we do not address the argument. On the arguments presented, we conclude Brown's counsel was ineffective in failing to object to the prosecutor's breach of the plea agreement and prejudice resulted. The defendant is entitled to resentencing before a different judge. *See Lopez*, 872 N.W.2d at 181.

## II.

In his third claim of error, Brown contends the district court abused its discretion in denying his motion to disqualify the county attorney's office and appoint a special prosecutor. The basis for the disqualification motion was the prosecutor happened to serve as a mentor to the child of the complaining witness. We conclude the claim is not preserved for our review.

Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel. "One exception to this rule involves irregularities intrinsic to the plea— irregularities that bear on the knowing and voluntary nature of the plea." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). The defendant's contention that the

prosecutor suffered from a conflict of interest due to the prosecutor's mentor-mentee relationship with the complaining witness's child is not an irregularity intrinsic to the plea.  See *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000) ("The defendant maintains that his counsel should have objected to the alleged conflict of interest created by the counsel substitution and should have deposed a defense witness.  Neither of these claims imply the defendant's plea was uninformed or involuntary."); *State v. Holmes*, No. 13-1742, 2014 WL 4630070, at *2 (Iowa Ct. App. Sept. 17, 2014) ("Holmes has not suggested how the claimed conflict affected the knowing and intelligent nature of his decision to plead guilty.  Consequently, Holmes's conflict claim did not survive his guilty plea.").

Brown has waived his challenge to the district court's denial of Brown's disqualification motion.  Accordingly, the defendant is not entitled to any relief with respect to this claim.

### III.

For the above-stated reasons, we affirm the defendant's conviction for burglary in the third degree.  We vacate the defendant's sentence and remand this matter for resentencing before a different judge.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED.**