# IN THE COURT OF APPEALS OF IOWA

No. 18-0945
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES R. MONTGOMERY,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

James Montgomery appeals his conviction and sentence after pleading guilty to eluding.  **AFFIRMED.**

Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

James Montgomery appeals his conviction and sentence after pleading guilty to an aggravated-misdemeanor charge of eluding. He contends his trial counsel was ineffective in allowing him to plead guilty when no factual basis exists to support the plea.[1] We review his claim de novo. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

To succeed on his claim of ineffective assistance of counsel, Montgomery must prove by a preponderance of the evidence that his counsel failed to perform an essential duty and prejudice resulted. *See id.* If counsel allowed Montgomery to plead guilty without a factual basis, counsel failed to perform an essential duty and we presume prejudice. *See id.* at 849. The question is whether "the record before the district court *as a whole* supports a factual basis for each element of the offense." *State v. Brown*, 911 N.W.2d 180, 183 (Iowa Ct. App. 2018) (emphasis added).

A driver of a motor vehicle commits eluding as an aggravated misdemeanor when, while exceeding the speed limit by twenty-five miles per hour or more, the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes "a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal." Iowa Code § 321.279(2) (2018). Montgomery contends there was insufficient evidence showing the officer was wearing a uniform. He notes that he only admitted he "ran from the police officers"

---

[1] The Iowa Supreme Court determined that a recent amendment to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas does not apply to cases, like Montgomery's, that were pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

when signaled to stop and that the minutes of testimony are silent about whether the arresting officer was in uniform while trying to stop Montgomery.

A review of the whole record shows a factual basis to support Montgomery's plea. Although neither Montgomery's statements at the plea hearing nor the minutes of testimony refer to a uniformed officer, the criminal complaint does. In the affidavit attached to the complaint, the arresting officer wrote that Montgomery failed to stop when he "initiated his lights and siren on [his] marked patrol car, while in full uniform."[2] Because the criminal complaint provides an objective factual basis for Montgomery's plea, we conclude counsel did not breach a duty by allowing him to plead guilty to the eluding charge.

**AFFIRMED.**

---

[2] We may rely on the criminal complaint as part of the record as a whole before the district court at the time of the plea hearing even though the district court did not refer to it in accepting Montgomery's plea; the district court's knowledge of the criminal complaint is unrelated to whether trial counsel breached a duty by allowing Montgomery to plead guilty without an objective factual basis. *See State v. Finney*, 834 N.W.2d 46, 61-62 (Iowa 2013) (distinguishing between a claim based on the voluntary nature of a plea and a claim based on lack of a factual basis and stating "we look to the entire record" in determining the existence of a factual basis).