# IN THE COURT OF APPEALS OF IOWA

No. 18-1781
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICOLE ELIZABETH ZIMMERMAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Defendant appeals convictions for theft, identity theft, and forgery, alleging ineffective assistance of counsel and sentencing errors. **CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Martha Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A defendant appeals her convictions for theft, identity theft, and forgery, raising claims of ineffective assistance of counsel and sentencing errors. We affirm the convictions but remand for the entry of a restitution order consistent with the sentencing court's oral pronouncements and with *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019).

## I.    Background Facts and Proceedings

Defendant Nicole Zimmerman resided with her fiancé from approximately 2011 through 2017. During 2017, her fiancé discovered several credit cards in his name had substantial unpaid balances. Upon receiving collection notices, he learned of more than $30,000 in unauthorized transactions that had amassed on various accounts and credit cards. A law enforcement investigation ensued.

On February 15, 2018, Zimmerman was charged by trial information with first-degree theft and identity theft. The trial information was amended several times and on September 24, 2018, Zimmerman entered an *Alford* plea[1] to theft in the third degree, identity theft, and forgery, all aggravated misdemeanors. The court accepted the plea and scheduled sentencing for October 2018.

At the sentencing hearing, the district court orally suspended the fines and waived the defendant's obligation to make restitution for court-appointed attorney fees based on a reasonable-ability-to-pay determination. However, the court's

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Klawonn*, 609 N.W.2d 515, 520 (Iowa 2000) (describing *Alford* pleas as "designed to permit a defendant to make a voluntary and intelligent decision to plead guilty to a crime without admitting participation in the underlying facts which constitute the crime").

October 12, 2018, written sentencing order conflicted with the oral pronouncement, as the written sentencing order did not waive the defendant's obligation to make restitution for court-appointed attorney fees. The written order also required the defendant to make restitution for court costs.

The court sentenced Zimmerman to thirty days of incarceration on the forgery count and sentenced her to two years on each of the other counts to run consecutively. The terms of incarceration were suspended, with the exception of the thirty-day period relating to the forgery conviction. A nunc pro tunc order entered four days later corrected the level of the offenses to which Zimmerman had entered an *Alford* plea. However, such order did not resolve the attorney fee restitution issue.

Zimmerman appeals, alleging ineffective assistance of counsel; that the trial court abused its discretion in imposing a term of incarceration; that the oral and written restitution orders are inconsistent and premature; and that the district court erred by calculating her reasonable ability to pay restitution before the total amount of restitution was determined.

## II. Standard of Review

Ineffective-assistance-of-counsel claims are reviewed de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). We review sentencing decisions for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

### III. Analysis

### A. Ineffective Assistance of Counsel

Zimmerman argues her counsel was ineffective by allowing her to plead guilty to the forgery charge without a factual basis.[2] If counsel allows a defendant to plead guilty without a factual basis, counsel has breached a duty and we presume the defendant was prejudiced. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011). This requirement exists even where the plea is an *Alford* plea. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). The question is whether "the record before the district court as a whole supports a factual basis for each element of the offense." *State v. Brown*, 911 N.W.2d 180, 183 (Iowa Ct. App. 2018).

To succeed on a claim of ineffective assistance, a defendant must show counsel breached a duty and prejudice resulted. *See id.* The claim fails if the defendant fails to prove either ground. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

---

[2] We recognize Iowa Code was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment does not apply to this case, which was pending on July 1, 2019. *Id.*

Zimmerman's sole argument on appeal concerning the ineffective-assistance-of-counsel claim is that a factual basis did not exist to accept the plea concerning the forgery charge. We disagree and find her argument unconvincing.

To consider the merits of Zimmerman's ineffective-assistance-of-counsel claim, we examine whether the record shows her plea was supported by a factual basis. Zimmerman focuses on the date of March 23, 2017. That focus is misplaced. Although we note the State was prepared to offer evidence of Zimmerman's actions on March 23, 2017, such proof was not necessary because the record as a whole "demonstrates the facts to support the elements of the offense" of forgery. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). When a date is not a material element of the crime, the State does not have the burden of proving when the offense occurred. *State. v. Griffin*, 386 N.W.2d 529, 532–33 (Iowa Ct. App. 1986). The State need only establish that the crime occurred within the limitations period. *State v. Bell*, 233 N.W.2d 181, 184 (Iowa 1974).

We look to the elements of the forgery count, for which we find a factual basis in the record. Zimmerman pleaded guilty to forgery under Iowa Code section 715A.2(1)(b) (2017), which provides as follows:

> A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:
> . . . .
> b. Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act, or so that it purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or so that it purports to be a copy of an original when no such original existed.

When analyzing a record to determine if the record supports a factual basis for a plea, "we do not require the record to show the totality of evidence necessary to support a guilty conviction, but only that the record demonstrates the facts to support the elements of the offense." *Rhoades*, 848 N.W.2d at 29. "We review (1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and (4) the presentence report, if available at the time of the plea, to determine if the record supports a factual basis for the plea." *Id.* In reviewing minutes of testimony, we will consider police reports that include a defendant's statements. *See id.* at 31.

At the plea hearing, Zimmerman stated, "there was a definite possibility" she could be convicted of the charges based on the information in the minutes of testimony. Additionally, the written plea agreement signed by Zimmerman contained the following statement: "I acknowledge that there is strong evidence of my guilt and that the Court may consider statements of counsel, minutes of testimony and police reports to make an independent determination that there is strong evidence of my actual guilt."

The elements of the forgery charge were satisfied by the factual basis provided in the record, including the minutes of testimony. The minutes demonstrate a pattern of conduct by Zimmerman leading to thousands of dollars in damages. A witness was prepared to testify to Zimmerman's conduct on March 23, 2017, and the record reflects that Zimmerman engaged in a pattern of deceptive behavior including the opening of credit accounts in her fiancé's name. The minutes reflect that Zimmerman obtained loans in her fiancé's name, and he was prepared to testify that Zimmerman had obtained credit cards and loans in his

name without his authorization. The minutes further reflect that designees from his creditors would testify regarding the authenticity of documentation related to the accounts. The additional minutes of testimony indicated that a witness would testify concerning an email written on March 23, 2017, and would testify to his knowledge of the defendant. The record further reflects that the above occurred within the limitations period. We conclude a factual basis in the record supported the forgery conviction.

### B. Sentencing Discretion

Zimmerman argues the court abused its discretion by sentencing her to a thirty-day period of confinement, as serving such a jail term would impede her ability to pay restitution and support her children. She does not dispute on appeal that the sentence imposed was permissible by law or argue that the sentence was grossly disproportionate or constitutionally invalid. Rather, her argument is that a less harsh sentence was available to the court following her plea.

When a sentence is within statutory limits, we review a sentencing decision for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). A trial court abuses its discretion if its decision "was unreasonable or based on untenable grounds." *Id.* at 553. We consider a variety of factors when reviewing a sentencing decision for abuse of discretion:

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. Furthermore, before deferring judgment or suspending sentence, the court must

> additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing. The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error.

*State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002) (citations omitted). The trial court below considered many of these factors.

The district court articulated its reasons as to why a period of incarceration was appropriate. The court was aware that Zimmerman owed significant amounts in victim restitution and had children. The court reviewed the file and considered the circumstances of the offense, Zimmerman's age, and the multiplicity of the offenses. The court found the sentence appropriate because it would "deter the defendant from further criminal activity and provide reasonable protection of the public." The court expressed there was a "danger of this continuing," referring to Zimmerman's actions. The court's written sentencing order further indicated the court had considered the nature and circumstances of the crime, protection of the public from further offenses, defendant's propensity for further criminal acts, defendant's statement, the maximum opportunity for rehabilitation, the victim impact statement, and the defendant's age and character.[3] We find no abuse of discretion in the sentences.

---

[3] Iowa Rule of Criminal Procedure 2.23(3)(d) requires a trial court to state on the record its reasons for selecting a particular sentence. The court's statement of reasons may be either written or oral. *State v. Alloway*, 707 N.W.2d 582, 584-585 (Iowa 2006), *overruled on other grounds by State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). "The purpose of this requirement is to give appellate courts the

### C. Restitution Calculation

Zimmerman ascribes two flaws to the sentencing court's restitution calculation. First, she notes a discrepancy between the court's oral finding at the sentencing proceeding and the written sentencing order. At the sentencing hearing, the court recited in reference to the attorney fee restitution that the court would "put it at zero." However, the written order indicated the defendant had the "reasonable ability to pay restitution of fees and costs" and ordered the defendant pay restitution for the same.

Second, Zimmerman raises a claim based on *Albright*, 925 N.W.2d at 162, which clarified that, "Courts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." In the context of *Albright*, Zimmerman asserts that as a final figure for victim restitution was not known when the court determined she had a reasonable ability to pay restitution, such determination was improper.

To the extent that Zimmerman is arguing that victim restitution is subject to a reasonable ability to pay analysis, such analysis in incorrect. Iowa Code creates two categories of restitution. *Albright*, 925 N.W.2d at 159. The first category includes restitution to victims and to the clerk of court for fines, penalties, and surcharges. *Id.*; Iowa Code § 910.2(1)(a). The second category includes

---

opportunity to review the discretionary nature of the sentencing." *State v. Wisecup*, No. 09-0469, 2009 WL 3337638, at *2 (Iowa Ct. App. Oct. 7, 2009).

restitution for crime victim assistance reimbursement, restitution to public agencies, court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees, including the expense of a public defender, when applicable, contribution to a local anticrime organization, and restitution to the medical assistance program. *See* Iowa Code § 910.2(1)(b); *Albright*, 925 N.W.2d at 150. "The court can only order restitution for items in this second category to the extent the offender has the reasonable ability to pay." *Id.* at 159.

Upon review of the record, we find that the transcript of the sentencing proceeding reflects that the court waived the defendant's obligation to make restitution for court-appointed attorney fees.[4] This is in conflict with the written order. Additionally, the transcript does not reflect a reasonable-ability-to-pay determination as to court costs, contrary to the written order. As such, we vacate the portions of the trial court's sentencing orders regarding restitution for court-appointed attorney fees and court costs and remand for the entry of a final restitution order consistent with *Albright* and with this opinion.

## IV.    Conclusion

We reject Zimmerman's claims of ineffective assistance of counsel and abuse of discretion with regard to sentencing. We vacate the portions of the

---

[4] We hold that in the case before us, the record unambiguously demonstrates that the error in question concerning the attorney fees was not the result of judicial intention but was merely clerical in nature. Where such a clerical error is made in a written judgment entry following an accurate oral pronouncement of a sentence, we hold that the proper remedy is for the district court to correct the written judgment entry by issuing a nunc pro tunc order. *State v. Hess*, 533 N.W.2d 525, 529 (Iowa 1995). However, as the court costs ordered require an *Albright* consideration, a nunc pro tunc order is insufficient on these facts.

sentencing court's orders that pertain to restitution, and remand to allow the district court to calculate restitution in accordance with *Albright* and this opinion.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**