# IN THE COURT OF APPEALS OF IOWA

No. 19-0423
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LEE ARTHUR SIMPSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Lee Simpson appeals after pleading guilty to failure to comply with the sex offender registry, second offense. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DOYLE, Judge.**

Lee Simpson pled guilty to failure to comply with the sex offender registry, second offense. On direct appeal, Simpson contends his trial counsel was ineffective for allowing him to plead guilty without a factual basis.[1] We review his claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

To succeed on a claim of ineffective assistance of counsel, a defendant must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Prejudice occurs when the outcome of the proceeding would have been different had counsel performed effectively. *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). If counsel allows a defendant to plead guilty without a factual basis, counsel breaches a duty and we presume prejudice. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). The question is whether "the record before the district court as a whole supports a factual basis for each element of the offense." *State v. Brown*, 911 N.W.2d 180, 183 (Iowa Ct. App. 2018).

Simpson was convicted of fourth-degree criminal sexual conduct in Michigan in 1998, when he was thirteen years old. He was convicted in Iowa for failing to comply with the sex offender registry in 2005 and 2010. The State charged Simpson with failure to comply with the sex offender registry, second offense, after learning that Simpson failed to accurately report his address when he updated his registration in September 2018. Simpson pled guilty to the charge

---

[1] Recent amendments to Iowa Code chapter 814 (2020) that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

and, in exchange, the State dropped the habitual-offender sentencing enhancement.

Simpson alleges his trial counsel rendered ineffective assistance by allowing him to plead guilty without investigating whether he was required to register as a sex offender in Iowa. Violations of sex-offender-registry provisions in another jurisdiction are counted as previous offenses if the provisions are substantially similar to the Iowa provisions. *See* Iowa Code § 692A.111(2) (2018). But Simpson cites a Michigan statute enacted in 2011, which allows certain exemptions from the sex-offender-registry requirements for juveniles. *See* Mich. Comp. Laws § 28.723a. Even assuming the statute applies,[2] it is clear that Simpson is required to register in Iowa based on his two prior convictions for failing to do so. "A juvenile adjudicated delinquent for an offense that requires registration shall be required to register as required in this chapter *unless the juvenile court waives the requirement . . . .*" *See* Iowa Code § 692A.103(3) (emphasis added). Until that time, Simpson must comply with sex-offender-registry requirements.[3]

The record shows Simpson failed to comply with the sex-offender-registry requirements. Because there is a factual basis for his plea, Simpson has failed to establish his counsel was ineffective. We affirm.

**AFFIRMED.**

---

[2] The Michigan statute applies to criminal and juvenile cases pending on or brought after July 1, 2011. *See* Mich. Comp. Laws § 28.723a(7).

[3] As the State notes, the Iowa Department of Public Health makes determinations on whether an offender is required to register. *See* Iowa Code § 692A.116(1). If Simpson wants the requirement removed, he must apply to the department for a determination. *See id.* § 692A.116(2).