# IN THE COURT OF APPEALS OF IOWA

No. 19-0880
Filed June 17, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BREE DEONTEZ WRIGHT,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Bree Wright appeals after pleading guilty to third-degree sexual abuse.
**AFFIRMED.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Bree Wright pled guilty to third-degree sexual abuse. On direct appeal, Wright contends that his trial counsel was ineffective in allowing him to plead guilty. He claims his plea was not voluntary because he was not informed by the plea court of an element of the offense. He also claims the record lacks a factual basis for the plea. We review the claim de novo.[1] *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

**I. Facts and Background Proceedings**

In February 2019, Wright was charged with third-degree sexual abuse. The trial information accused Wright of committing, from January 2017 through April 2017, sexual abuse upon P.A., a child who was the age of fourteen or fifteen years old, when he was more than four years older than her. It was determined that Wright was the father of a child P.A. gave birth to in October 2017. In May 2019, Wright pled guilty to sexual abuse in the third degree in violation of Iowa Code sections 709.1(1) and 709.4(1)(b)(3)(d) (2017). In exchange for his plea, the State dismissed a separate charge for enticing away a minor under the age of sixteen.

At the plea hearing, the district court asked Wright if he had discussed with his counsel the existence of any possible defenses to that crime, for which he replied "Yes, sir." During the plea colloquy, the district court went through the elements of the crime. The court told Wright that the State would have to prove that he committed the crime of sexual abuse between January 2017 through April

---

[1] Recent amendments to Iowa Code chapter 814 (2020) that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019, including this case. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

2017, that he performed sex acts on P.A., that P.A. was a child fourteen or fifteen years old, and that he was four or more years older than her. Wright acknowledged he understood the State would have to prove those elements. When asked to tell the court what he did to commit the crime, Wright responded, "I met [P.A.] February 16th of 2017. We had sex. A couple of months later we figured out she was pregnant." He told the court P.A. was fifteen and he was twenty-three at the time. After Wright pled guilty, the district court asked both parties' counsel whether they knew of any legal reason why the plea should not be accepted by the court. Both counsel responded "No." The court then asked both counsel whether the court had "omitted anything in this guilty plea colloquy that would later affect the legal validity of this plea?" The prosecutor responded "Not that I'm aware of, Judge, no." Defense counsel responded "No, Your Honor." The plea court then accepted Wright's guilty plea and imposed sentence. Wright appeals.

**II. Analysis**

To succeed on a claim of ineffective assistance of counsel, appellant must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). In the context of a guilty plea, appellant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability appellant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

   a. **Voluntariness**

If counsel allows a defendant to plead involuntarily and fails to move in arrest of judgment challenging that plea, counsel breaches a duty. *See State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006). For a plea to be voluntary, the court

must inform the defendant of and ensure the defendant understands, among other things, "the nature of the charge to which the plea is offered." *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985). In determining whether the requirements of rule 2.8(2)(b) have been met, "we apply the substantial compliance standard" which requires the essence of each requirement of the rule be expressed. *State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017).

Wright alleges that his plea was not voluntary because the trial court did not ensure he was informed of and understood the nature of third-degree sexual abuse, in violation of Iowa Code section 709.4(1)(b)(3)(d), because the court failed to explain that a necessary element of the crime is that the "sex act is between persons who are not at the time cohabiting as husband and wife[.]" The extent of the court's explanation varies with the circumstances of each case. *See State v. Dryer*, 342 N.W.2d 881, 884 (Iowa 1983). When informing a defendant of the nature of the charges, the court need not review and explain each element of the crime if, under the circumstances, it is apparent that the accused understood the nature of the charge. *See State v. Null*, 836 N.W.2d 41, 49 (Iowa 2013). In determining how much explanation is necessary, we consider the complexity of the charge as well as the defendant's education and experience. *See State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981).

A person commits third-degree sexual abuse under Iowa Code section 709.4(1)(b)(3)(d) when that person (1) performs a sex act, (2) the act is between persons who are not at the time cohabiting as husband and wife, (3) the other person is fourteen or fifteen years, and (4) the person is four or more years older than the other person. Here, the court instructed Wright that the State had to prove

he performed sex acts on P.A., P.A. was a child fourteen or fifteen years, and he was four or more years older than her. There was no mention of the State having to prove that Wright and P.A. were not at the time of the act cohabiting as husband and wife. Wright's answers to the plea court also mention nothing about his marital or cohabiting status with P.A. at the time of the act. No one alerted the court to the colloquy's omission of the not-cohabiting-as-husband-and-wife element.

Although it is possible Wright was informed of all the elements of the crime by his counsel, there is no record here showing what counsel told Wright. As is often the case, the record is insufficient to allow us to resolve appellant's claim on direct appeal. See *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019). So we preserve the issue for a potential postconviction-relief action to allow a full development of the record. *See id.*

### b. Factual Basis

If counsel allows a defendant to plead guilty without a factual basis, counsel breaches a duty and we presume prejudice. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). The question "is whether the record before the district court as a whole supports a factual basis for each element of the offense." *State v. Brown*, 911 N.W.2d 180, 183 (Iowa Ct. App. 2018). We look at the entire record before the district court at the time of the plea to determine whether a factual basis for the plea exists. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). That includes inquiry of the defendant, inquiry of the prosecutor, examination of the presentence investigation report (if available at the time of the plea), and minutes

of the evidence.[2]  *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).  When analyzing a record to determine whether the record supports a factual basis for a plea, courts "do not require the record 'to show the totality of evidence necessary to support a guilty conviction,' but only that the record demonstrates the facts to support the elements of the offense."  *Rhoades*, 848 N.W.2d at 29 (quoting *Ortiz*, 789 N.W.2d at 768).  The evidence need not show the defendant is guilty beyond a reasonable doubt, only that there is sufficient evidence by which a jury could find the defendant guilty.  *See Finney*, 834 N.W.2d at 50.

Wright alleges there was no factual basis for the charge of third-degree sexual abuse because there was no mention during the plea colloquy that he was not cohabiting with P.A. as husband and wife and therefore the record cannot establish the not-cohabiting-as-husband-and-wife element.  But when determining whether there is a factual basis to support each element of the offense we look to the record "as a whole" and not just the colloquy.  *Brown*, 911 N.W.2d at 183.

Here, the record as a whole supports a factual basis for the not-cohabiting-as-husband-and-wife element of third-degree sexual abuse.  The May 2017 sexual abuse report attached to the minutes of testimony states: "SUSPECTS RELATIONSHIP TO VICTIM:  BOYFRIEND."  A May 2017

---

[2] Iowa Rule of Criminal Procedure 2.5(3) employs the term "minutes of evidence" and "statement of the witness' expected testimony."  Here (as is the standard practice throughout the state), the document filed by the prosecuting attorney as intended compliance with this rule was captioned "Minutes of Testimony," and the parties and court used the term throughout the proceedings.  Since the 1800's, the term "minutes of testimony" has been commonly used interchangeably with "minutes of evidence."  *See, e.g., State v. Wise*, 50 N.W. 59, 60 (Iowa 1891) (using "minutes of testimony" and "minutes of the evidence" interchangeably).

supplemental police witness statement report attached to the minutes of testimony states that P.A. said Wright was her boyfriend. The report states P.A. first met Wright in the summer of 2016. Records show she was fourteen years old at the time. The report then says, "The two met again on 16 Feb 17 . . . and had sex for the first time." The report states that since then the two had consensual sex. Records show she was fifteen years old and he was twenty-three in February 2017. Their child was born in October 2017, about eight and a half months after their first encounter in February 2017.

We note that in Iowa a marriage between individuals is valid only if each is eighteen or older. *See* Iowa Code § 595.2(2). A marriage license may be issued to a person sixteen or seventeen if the parents of the underage party consent. *See Id.* at § 595.2(4). P.A. would not have qualified for an Iowa marriage license in 2017.

We conclude the record shows enough facts to support the not-cohabitating-as-husband-and-wife element of third-degree sexual abuse. Because there is a factual basis for his plea, Wright has failed to establish his counsel was ineffective in this regard.

We affirm Wright's conviction and sentence. We preserve the voluntariness issue for a potential postconviction-relief action to allow a full development of the record.

**AFFIRMED.**