# IN THE COURT OF APPEALS OF IOWA

No. 21-1643
Filed October 19, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JOHNNY LEE HOVENGA, JR.,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

　　A defendant appeals his sentence, contending the state breached a plea agreement. **AFFIRMED.**

　　Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Johnny Hovenga Jr. appeals the imposition of a prison sentence that ran consecutively to his sentence from a separate probation revocation proceeding. His sole claim on appeal is that the State breached the plea agreement by failing to recommend the sentences run concurrently to the sentence imposed in the probation revocation. Because we conclude the State did not breach the plea agreement, we affirm.

I.      **Background Facts & Proceedings**

Hovenga entered into a written plea agreement on August 18, 2021, for four separate cases.[1]  At the same time, he had charges pending pertaining to the violation of probation in three cases.  On August 23, he entered into a stipulation admitting to the probation violations.  In return, the State agreed to recommend the disposition of the probation revocation run concurrently to the two felonies he pled guilty to five days before—the burglary and operating while intoxicated offenses.[2] The court revoked Hovenga's probation, imposed the original sentences, and ordered these sentences to run concurrently with one another.

A sentencing hearing was held on October 25, 2021, for the offenses Hovenga pled guilty to on August 18.  The State requested the two felonies run consecutively to one another, each with a five-year sentence.  The State further

---

[1] Those cases involved burglary in the third degree; operating while intoxicated, third offense; assault causing bodily injury and criminal mischief in the fourth degree; and trespass, damage greater than $300.
[2] A transcript of the sentencing proceedings concerning the felony charges is not part of our appellate record, so it is unclear if the probation revocation proceedings were mentioned in that proceeding.

recommended the misdemeanor offenses run concurrently to the felonies. Following the State's recommendation, the following exchange occurred:

> [Defense Counsel]: First of all, I thought part of the plea bargain was that everything run concurrent with his probation revocation cases too and the State was just asking for the two fives [(the felony charges)] to run consecutive on the two felonies.
> [State]: And that is the recommendation, Your Honor, it's just the probation wasn't in front of this court at this time, I guess.

Hovenga's counsel requested the court impose a five-year prison term, with all charges running concurrently.

The court sentenced Hovenga to five years in prison for the burglary, to run consecutively to a five-year term of imprisonment for operating while intoxicated. The sentences imposed for the misdemeanors were ordered to run concurrently to the felonies. The court ordered the probation revocation sentences to run consecutively to the instant convictions. Hovenga appeals.

## II. Standard of Review

"A defendant's allegation of prosecutorial breach 'is a species of sentencing error.'" *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (quoting *State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021)). "Thus, we review it for the correction of errors at law." *Jordan*, 959 N.W.2d at 399. "We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." *Id.* (quoting *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020)).

## III. Discussion

Hovenga claims the prosecutor breached the plea agreement by not recommending Hovenga's prison sentence run concurrently with his probation revocation. "The relevant inquiry in determining whether the prosecutor breached

the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Davis*, 971 N.W.2d 546, 556 (Iowa 2022) (quoting *Boldon*, 954 N.W.2d at 71). "[V]iolations of either the terms or the spirit of the agreement require reversal of the conviction or vacation of the sentence." *Id.* (alteration in original) (quoting *State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011)).

Hovenga contends the prosecutor did not do enough to express support of the recommended sentence. "A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply inform[ing] the court of the promise the State has made to the defendant . . . ." *Id.* (first alteration in original) (quoting *State v. Bearse*, 748 N.W.2d 211, 215-16 (Iowa 2008)). Rather, "[t]he prosecutor is required to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance."[3] *Id.* at 557 (cleaned up).

After defense counsel corrected the prosecutor's omission of details involving Hovenga's probation revocation, the prosecutor informed the court, "that

---

[3] Our courts have further defined the prosecutor's duty to recommend the sentence as:

> (1) to mention or introduce as being worthy of acceptance, use, or trial, (2) to make a commendatory statement about as being fit or worthy, (3) to bring forward as being fit or worthy, (4) present with approval, (5) indicate as being one's choice for something or as

is the recommendation, Your Honor, it's just the probation wasn't in front of this court at this time, I guess." Such shows the omission was not an effort to deprive Hovenga of the benefits of the plea. Instead, the prosecutor believed it was not the procedurally appropriate time to raise the issue. Once corrected, the State indicated the defense counsel correctly explained the plea agreement. Thus, the State noted, "that *is* the recommendation." (Emphasis added.) The stipulation entered into by the State and Hovenga required the State to recommend the sentences run concurrently to the probation revocations, and that is exactly what the State recommended to the court.

True, more forceful language in recommending the agreed-to portion of the sentence could have been used by the State. However, "[w]e do not mandate florid advocacy when the State agrees to recommend a particular sentence." *Davis*, 971 N.W.2d at 557. Indeed, "[t]he State's recommendation, whether pursuant to a plea agreement or otherwise, carries with it the State's implicit representation it is 'worthy of the court's acceptance.'" *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (citation omitted).

The cases Hovenga cites to support the proposition that the State did not adequately recommend the sentence invariably include additional conduct by the prosecutor undercutting the agreed-to recommendation. For instance, in *Davis*, after spending fifteen minutes reading victim statements calling for prison sentences, the prosecutor told the court, "the plea agreement was that the State

---

otherwise having one's approval or support, (6) offer or suggest as favored by oneself.

*Davis*, 971 N.W.2d at 557 (quoting *Bearse*, 748 N.W.2d at 216).

would follow the recommendation made by the presentence investigation [(PSI)], so the State would join in those recommendations being made." 971 N.W.2d at 555. Our supreme court found the prosecutor breached the agreement based on "the juxtaposition of the prosecutor's perfunctory endorsement of the PSI report's recommendation for suspended sentences immediately after she read the four victim-impact statements calling for prison time." *Id.* at 557. The prosecutor's "cryptic lip service to the plea agreement" was insufficient only when considered together with the lengthy time spent reading opposing statements. *Id.*

Similarly, in *Bearse*, the prosecutor informed the court, "Your Honor, the court is not bound by the plea agreement. The State is, so we'll abide . . . by the agreement. The court has the presentence investigation report," which called for a higher sentence than the plea agreement. 748 N.W.2d at 213 (alteration in original). The court found that despite the State's acknowledgment of the plea deal, the prosecutor's reference to the court's ability to ignore the recommendation and instead follow the more punitive PSI report effectively undercut the spirit of the agreement. *Id.* at 216; *see also State v. Horness*, 600 N.W.2d 294, 300 (Iowa 1999) (finding the prosecutor breached a plea agreement after twice noting the PSI report suggested a different sentence, noting the details of the offense, and asking the court "to issue an appropriate sentence"). Breaches of plea agreements have also been found when the prosecutor unnecessarily discussed the defendant's criminal history or the details of the offense. *State v. Lopez*, 872 N.W.2d 159, 179-80 (Iowa 2015) (finding the prosecutor's use of photos emphasized the horrific nature of the crime and violated the spirit of the plea deal); *State v. Brown*, 911 N.W.2d 180, 186 (Iowa Ct. App. 2018) (finding the prosecutor

breached an agreement by (1) failing to recommend the sentence and (2) discussing the defendant's criminal history).

The through line to all these cases is the prosecutor's expression of some explicit or implicit material reservation involving the plea agreement. *See Boldon*, 954 N.W.2d at 71. Here, the prosecutor's statements offer no such reservations. Nor is this a case in which the prosecutor made a sentencing recommendation "with a wink and a nod." *See Davis*, 971 N.W.2d at 558 (citation omitted). Instead, the prosecutor explained to the court that the State's recommendation was for the sentence to run concurrently with the probation revocation. The court's decision to impose consecutive terms of imprisonment "was not at the suggestion—either explicit or implicit—of the prosecutor." *See Boldon*, 954 N.W.2d at 72. Accordingly, we affirm.

**AFFIRMED.**